Filed 7/15/25  P. v. Sinsun CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>DAVID SINSUN,<br><br>　　Defendant and Appellant. | 2d Crim. No. B336887<br>(Super. Ct. No. 2011003023)<br>(Ventura County) |

David Sinsun appeals from an order resentencing him pursuant to Penal Code[1] section 1172.75 after the trial court denied his request for relief pursuant to Assembly Bill No. 333 (2021-2022 Reg. Sess.) (AB 333).  He contends the trial court was required to reverse his criminal street gang conviction (§ 186.22, subd. (a)) and strike the five-year gang enhancement (§ 186.22, subd. (b)(1)) unless the People chose to retry and prove the offense and enhancement under current law.

---

[1] All further statutory references are to the Penal Code.

The People agree that the matter should be reversed and remanded for further proceedings consistent with our Supreme Court's recent decision in *People v. Lopez* (2025) 17 Cal.5th 388 (*Lopez*).

We conclude the amendments to section 186.22 made by AB 333 apply retroactively because appellant's judgment was not final following recall of his sentence. We therefore reverse the gang conviction and enhancements, vacate the trial court's resentencing order, and remand for further proceedings. In all other respects, the judgment is affirmed.

*Procedural Background*[2]

In September 2011, a jury convicted appellant of street terrorism (§ 186.22, subd. (a), count 1), assault with a deadly weapon by means likely to produce great bodily injury (§ 245, subd. (a)(1), count 2), and battery with serious bodily injury (§ 243, subd. (d), count 3). The jury also found true several special allegations, including a criminal street gang allegation (§ 186.22, subd. (b)(1)) and two prison prior allegations (§ 667.5, subd. (b)). The trial court sentenced appellant to state prison for 21 years, which included, but was not limited to, four years for the street terrorism conviction, one year for each of the two prison prior enhancements, five years for the gang enhancement, and three years for the great bodily injury enhancement.

In an unpublished opinion, we affirmed appellant's conviction but modified the judgment to: (1) strike one of the one-year prison prior enhancements, and (2) stay the four-year concurrent sentence for the street terrorism conviction.

---

[2] We summarize this procedural background from our prior unpublished opinion, *People v. Sinsun* (Nov. 21, 2012, B237028) (*Sinsun*) and the record on appeal.

Appellant's sentence was reduced from 21 years to 20 years in state prison. (*Sinsun, supra,* B237028.)

In October 2018, the trial court ordered the great bodily injury enhancement stayed in response to correspondence from the California Department of Corrections and Rehabilitation (CDCR). Appellant's sentence was reduced to 17 years in state prison.

In October 2022, the CDCR notified the superior court that appellant was "an individual who is potentially eligible for a resentencing pursuant to Senate Bill 483 [(SB 483)]." The trial court appointed defense counsel to represent appellant for his resentencing.

In December 2023, defense counsel filed a brief, along with several documents in support of resentencing. Counsel asserted that the trial court was required to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion . . . ." Counsel also asserted that appellant's "two one year priors must be stricken" pursuant to SB 483. Additionally, counsel asked the trial court to exercise its discretion and "strike or stay either the 5 years imposed pursuant to [section] 186.22(b) or the 5 years imposed pursuant to [section] 667a." The People filed an opposition brief.

In April 2024, the trial court conducted a resentencing hearing. At the hearing, appellant addressed the trial court and asked that it "apply the senate bill that has recently passed which is [AB 333], regarding the gang enhancement, the new criteria for the gang enhancement charges[.]" The People argued appellant was not entitled to the changes in the law, which were

3

not retroactive, and defense counsel agreed because "his case was final."

The trial court denied the request to strike the gang enhancement, but struck a one-year prison prior enhancement, which reduced appellant's sentence to 16 years in state prison.

*Discussion*

Appellant contends, and the People agree, that he is entitled to relief pursuant to AB 333 because it applies retroactively to nonfinal judgments, and appellant's judgment became nonfinal when the trial court resentenced him pursuant to section 1172.75.

Our Supreme Court recently addressed the issue of whether a judgment, or part of it, becomes final for *Estrada*[3] purposes when an appellate court affirms a conviction, but leaves sentencing issues pending before the superior court following remand. (*Lopez*, *supra*, 17 Cal.5th at p. 394.)

The defendant in *Lopez* was awaiting resentencing in the trial court when the Legislature enacted AB 333, which added new elements to the substantive offense and enhancements in the gang statute. (*Lopez*, *supra*, 17 Cal.5th at p. 394, citing *People v. Tran* (2022) 13 Cal.5th 1169, 1207.) The trial court conducted a resentencing hearing but declined to apply AB 333 retroactively to Lopez's case because his conviction was final. (*Lopez*, at p. 394.)

The Supreme Court reversed the decision, concluding that for purposes of retroactivity, "[a] defendant whose sentence is vacated "regain[s] the right to appeal whatever new sentence was imposed,"" and the judgment becomes nonfinal." (*Lopez*, *supra*, 17 Cal.5th at p. 398.) The Court reasoned, "[a] criminal

_____

3 *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).

4

case is only reduced to a singular, final judgment following the conclusion of the entire criminal case or prosecution. Thus, a criminal case in which the sentence is not yet final, including one in which an appellate court has affirmed the conviction and remanded for reconsideration of sentencing-related issues, is not final for purposes of *Estrada*, and the benefits of supervening ameliorative legislation apply retroactively." (*Lopez*, at pp. 392-393.)

In view of the foregoing, appellant's judgment was not final for *Estrada* purposes when the trial court recalled and resentenced him pursuant to section 1172.75. He was therefore entitled to the retroactive application of AB 333's substantive changes. (See *Lopez*, *supra*, 17 Cal.5th at p. 400.)

*Disposition*

The gang conviction (§ 186.22, subd. (a)) on count 1, and the jury's "true" findings on the gang allegation (§ 186.22, subd. (b)), are reversed. The trial court's resentencing order is vacated and the matter is remanded for further proceedings consistent with *Lopez*, *supra*, 17 Cal.5th 388. On remand, the People shall have the option to retry the gang offense and gang allegation pursuant to amended section 186.22. Upon conclusion of any retrial, or if no trial occurs, the trial court must conduct a full resentencing. The judgment is otherwise affirmed.

NOT TO BE PUBLISHED.

YEGAN, Acting P. J.

We concur:

BALTODANO, J.        CODY, J.

5

Maureen M. Houska, Judge
Superior Court County of Ventura

_____

Christina Vanarelli, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Eric J. Kohm, Lauren Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.